UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

TONI WILSON,                                )
        Plaintiff,                  )
v.                                          )    Case No.: 19-cv-03094-SEM-TSH
                                    )
CITY OF SPRINGFIELD, et al.,                )
                                    )
        Defendants.                 )

## PLAINTIFF'S MEMORANDUM OF LAW

Plaintiff Toni Wilson, through counsel, MEYER & KISS, LLC, submits the following memorandum of law in response to this Honorable Court's Minute Entry of April 6, 2023 and Order of April 12, 2023 directing the parties to brief whether "willful and wanton conduct" in a § 1983 action is a separate state claim or a degree of culpability. (Dkt 66.) While there appear to be no decisions within the Seventh Circuit that directly address this question as it relates to §1983 cases, Plaintiff contends that two recent District Court cases within the Circuit recognize a separate state willful and wanton claim against a public entity or employee.

**Fundamental Cases**

Plaintiff could not identify any Seventh Circuit or District Court case which directly address whether a state willful and wanton conduct claim can exist in a §1983 matter.

The fundamentals of willful and wanton conduct have been established with an expected reliance on Illinois statute and court cases in *Chapman v. Keltner*, 241 F.3d 842, 847 (7th Cir. 2001). *Chapman* held that willful and wanton conduct under Illinois law constitutes "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Chapman v. Keltner*, 241 F.3d 847. *See* 745 ILCS 10/1-210. The court observed that the "willful

and wanton [standard] is `remarkably similar' to the deliberate indifference standard." *Id. See Payne for Hicks v. Churchich*, 161 F.3d 1030, 1041 n. 13 (7th Cir. 1998).

The *Chapman* court's definition echoes that of the Illinois case *Krivitskie v. Cramlett*, 301 Ill.App.3d 705, 707 (Ill.App. Ct. 1998), which defined willful and wanton conduct as a "hybrid between acts considered negligent and those found to be intentionally tortious."

*Krywin v. Chicago Transit Auth*., 238 Ill.2d 215, 235 (2010) held that to show willful and wanton conduct, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injury. *Krywin v. Chicago Transit Auth.*, 238 Ill.2d 235-36. Moreover, a willful and wanton conduct claim must allege elements of a recognized tort because a willful and wanton conduct claim cannot stand alone. *Id.* at 235. A plaintiff must also "allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Doe ex rel.Ortega-Piron v. Chicago Bd. Of Educ.*, 213 Ill. 2d 19, 28 (2004).

**Analysis in Federal Court**

Plaintiff is mindful of this Honorable Court's decision in *Swanson v. Murry Bros. LLC*, Nos. 19-cv-3220, 20-cv-3083 (CD Illinois, February 10, 2021). This Court followed the precedent of *Krywin v. Chicago Transit Auth.* in holding that a claim for willful and wanton is not a separate cause of action but rather an aggravated form of negligence. *Swanson v. Murray Bros.*, p. 5, citing *Krywin* at 235. Notably, this case appears to be one of the few federal decisions to offer a clear statement on the status of willful and wanton as a separate claim. But *Swanson* was a diversity-personal injury case alleging negligent operation of trucks and negligent training and supervising of truck drivers. No federal question was invoked. Plaintiff contends it is of limited use in resolving whether willful and wanton can be brought as a separate state claim in §1983 case.

*Love v. City of Chicago*, 363 F.Supp.3d 867 (ND Illinois 2019, J. Ellis) is a §1983 matter with a willful and wanton claim. In this case, a plaintiff sued police defendants on behalf of her decedent brother who was shot and killed during an encounter in a park. The plaintiff brought wrongful death and survival claims for willful and wanton conduct against the defendant officers and the city, federal claims for excessive force against the defendant Officers and *Monell* claims against the city for failure to train and investigate, and for the perpetuation of a code of silence. *Love v. City of Chicago*, 362 F.Supp.3d 869.

In its ruling on defendants' motion to dismiss and bifurcate, the court concluded that the independent state law claims against the city defendant were not duplicative based on the city's acknowledgment of *respondeat superior* liability for its employee officers:

> "The possibility exists that Love may only prove the Defendant Officers' negligence, meaning she cannot recover against the Defendant Officers, while at the same time demonstrating that the City engaged in willful and wanton conduct, allowing recovery on this basis. *See Lockett*, 445 N.E.2d at 314, 67 Ill.Dec. 830. Under such a scenario, the City's acceptance of *respondeat superior* liability would not address the City's independent conduct that caused Derek's injury.
> Accordingly, the Court cannot dismiss the independent claims against the City as duplicative of the City's admitted *respondeat superior* liability."

*Love*, 362 F. Supp.3d 871-872.

This case offers some general support for Plaintiff's position that a state willful and wanton claim can be brought in a §1983 case and not exist solely as a degree of culpability. However, it does not directly consider the viability of a separate willful and wanton conduct claim in a §1983 action so much as whether it would be duplicative of a *respondeat superior* claim. A substantial part of the decision goes on to address whether the Illinois Tort Immunity Act would bar plaintiff's claims when training decisions involve the determination of policy and the exercise of discretion, which does not squarely address the question before the parties in Plaintiff's case. *Id.*, 872-874.

In its survey of Illinois cases on this issue, *Aquino v. CR Bard, Inc.*, 413 F. Supp. 3d 770 (ND Illinois 2019, J. Durkin) noted the "lingering confusion" on the availability of willful and wanton misconduct as a standalone claim in Illinois:

> "Such confusion arose in large part from trying to reconcile Section 2-202 of Illinois's Local Governmental and Governmental Employees Tort Immunity Act with cases holding that willful and wanton conduct is not a separate tort. Compare 745 ILCS 10/2-202 (A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. (emphasis added)), with *Ziarko v. Soo Line R.R.*, 161 Ill.2d 267, 204 Ill.Dec.178, 641 N.E.2d 402, 406 (1994) (There is no separate and independent tort of willful and wanton' misconduct)."

*Aquino v. CR Bard, Inc.*, 413 F. Supp. 3d 778 (internal quotation omitted).

*Aquino* concluded that courts had resolved the confusion by acknowledging the viability of a willful and wonton claim against public officials, employees and entities, but not against private individuals and entities. *Aquino*, 413 F. Supp. 788, relying on *Gordon v. Devine*, 2008 WL 4594354 - 20082008 WL 4594354 at *8 ("We find that this conflict can be reconciled by permitting a claim for `wanton and willful misconduct' against a public official, but not a private individual" and *Owens v. Fleet Car Lease, Inc*., 2010 WL 11566100, at *2 (S.D. Ill. Jan. 15, 2010) ("this conflict is best resolved by permitting a claim for `wanton and willful misconduct' to proceed against a governmental entity, public official or employee but not against a private individual or entity").

Like *Swanson*, though, *Aquino* has limited application to the question posed by this Court to the parties as it was not a §1983 matter but a diversity-products liability case. *Sharon F. v. Martin,* No. 21 C 2756 (ND Illinois, March 24, 2022, J. Feinerman) is one case that squarely considered whether a state willful and wanton claim can be presented amidst a constitutional

violation.

In *Sharon F*., the plaintiff sued her former high school teacher and coach at Lake Forest alleging state law torts and violations of Title IX and the Fourteenth Amendment's Due Process Clause arising from sexual abuse allegedly inflicted on her as a student. *Sharon F. v. Martin,* No. 21 C 2756, p. 1. The court held that "[a] recognized exception provides that such a claim can proceed against public employees. *See Aquino v. C.R. Bard, Inc.,* 413 F. Supp. 3d 770, 788 (collecting post-*Ziarko* cases 'acknowledging the viability of such a claim against public officials, employees and entities, but not private individuals and entities')." *Sharon F. v. Martin*, p. 5

**Conclusion**

Plaintiff contends that the careful analysis of pre- and post-*Ziarko* cases by *Aquino v. C.R. Bard* which acknowledged a standalone state willful and wanton claim against a public entity or employee combined with the recent affirmation of this conclusion by *Sharon F. v. Martin* in the context of violations of federal law and the Constitution support construing willful and wanton misconduct as a separate claim in Plaintiff's §1983 matter as opposed to only an element of culpability.

Dated: April 14, 2023.

                                                                   Respectfully submitted,

                                                                   *Daniel P. Kiss*
                                                                   *One of Plaintiff's Attorneys*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 W. Jackson Blvd.
Suite 724
Chicago, Illinois 61614
(312)765-0100
dankiss@meyerkiss.com

## CERTIFICATE OF SERVICE

    I, Daniel P. Kiss, certify that on April 14, 2023, *Plaintiff's Memorandum of Law* was filed through the District Court's CM/ECF automated docketing system thereby causing service upon all counsel of record.

*/s/ Daniel P. Kiss*
*Counsel for the Plaintiff*